IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
DAMIEN WILLIAMS,                       )
                                       )    Civil Action No. 06-991
            Plaintiff,                 )
                                       )    Judge Thomas Hardiman/
       vs.                             )    Magistrate Judge Lisa
                                       )    Pupo Lenihan
The Honorable R. STANTON WETTICK,      )
and The Honorable JAMES JOSEPH,        )
                                       )
            Defendants                 )
                                       )
                                       )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION**

It is respectfully recommended that pursuant to the PLRA, the complaint be dismissed prior to service for failing to state a claim upon which relief can be granted.

**REPORT**

**A.   Relevant Procedural History**

Damien Williams (Plaintiff) initiated this pro se suit by filing a motion for leave to proceed in forma pauperis (IFP). Accompanying the IFP motion was the proposed complaint. The complaint named as the defendants, the Honorable R. Stanton Wettick and the Honorable Joseph James,[1] both of whom are judges of the Court of Common Pleas of Allegheny County. The complaint

---

[1] Although Plaintiff calls one of the Judges "James Joseph," in fact, his proper name is "Joseph James." See

http://www.alleghenycourts.us/judges/default.asp

seeks to sue the two Judges for actions taken by them in addressing a civil action filed by Plaintiff in the Allegheny County Court of Common Pleas against prison employees who treated Plaintiff at SCI-Pittsburgh.  The complaint filed in this court is filed pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that the Judges violated Plaintiff's Fourteenth Amendment rights, including his procedural and substantive due process rights as well as his equal protections rights and, in addition, violated his First Amendment right of access to the courts. See Complaint at p. 5.  Plaintiff also alleges that the two judges conspired together in violation of Section 1985. See Complaint at p. 13.  As relief, Plaintiff seeks: 1) a declaratory judgement; 2) an injunction compelling the Judges to "grant Plaintiff['s] motion of preliminary objection." Complaint at 15.

   The factual bases of Plaintiff's complaint may be summarized as follows.  Judge Joseph James dismissed Plaintiff's civil action against the SCI-Pittsburgh employees as frivolous.  Plaintiff appealed and the Commonwealth Court affirmed in part and reversed in part and remanded.  Essentially, the Commonwealth Court held that the Plaintiff's complaint against two of the three SCI-Pittsburgh employees was not frivolous.  Complaint at pp. 17-22.  Upon remand, Judge Joseph James then granted the preliminary objections of the SCI-Pittsburgh defendants on essentially the same bases that the Commonwealth Court had

2

previously ruled was not a basis upon which the suit could be dismissed. Again Plaintiff appealed to the Commonwealth Court, which again reversed. Complaint at pp. 30-37. In addition, Plaintiff complains of several other actions that Judge Joseph James took or failed to take with respect to Plaintiff's state court suit, for example, by failing to rule on Plaintiff's motions for default. Complaint at 8, ¶ 16.

At some point Plaintiff's state case was transferred to Judge Wettick. Complaint at 10, ¶ 20. Plaintiff's complaints against Judge Wettick, include Wettick's denying Plaintiff's motion for default, although Plaintiff had already withdrawn the motion, Complaint at 10-11, ¶ 23. Plaintiff also complains that, as of the time Plaintiff was composing his complaint for the case at bar, Judge Wettick had failed to rule on Plaintiff's preliminary objections which were filed on March 11, 2004, more than two years ago. Complaint at 11, ¶ 24.

**B.  Applicable Legal Principles**

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).

The PLRA significantly amended the statutory provisions with

3

respect to actions brought by prisoners who are proceeding in forma pauperis.  The amended version of the statute now provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a plaintiff granted IFP status], the court shall dismiss the case at any time if the court determines that-  (A) the allegation of poverty is untrue; or (B) the action or appeal-  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2).  Here, Plaintiff has been granted IFP status.  The court is required to dismiss sua sponte a complaint submitted by a prisoner proceeding IFP when it fails to state a claim.  The statute includes the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.").

   The PLRA in relevant part also added Section 1915A, entitled "Screening," to Title 28 U.S.C. to provide that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b)

Grounds for dismissal- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;  or  (2) seeks monetary relief from a defendant who is immune from such relief."  Plaintiff is a prisoner within the meaning of Section 1915A.[2]  Common Pleas Court judges constitute a "governmental entity" or its employees within the meaning of the PLRA.  See, e.g., Ruth v. Richard, 139 Fed.Appx. 470, 471 (3d Cir. 2005)(affirming Section 1915A dismissal of suit against state judge on grounds of judicial immunity).  Thus, Section 1915A Screening is applicable herein.  Moreover, under Section 1915A, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim but it is required to do so.  Nieves v. Dragovich, No. CIV.A. 96-6525, 1997 WL 698490, at *8 (E.D.Pa. Nov. 3, 1997), *aff'd*, 175 F.3d 1011 (3d Cir. 1999)(Table).

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) and/or § 1915A to determine whether the complaint fails to state a claim upon which relief can be granted, a federal district court applies the same

---

[2]Section 1915A(c) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'.  This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (4th Cir. 1997) (Table).  Under this applicable standard, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact must be taken as true.  See Estelle v. Gamble, 429 U.S. 97 (1976).

**C.  Discussion**

Plaintiffs' requested relief in the form of an injunction is barred.  What the court held in Fox v. Lee is equally applicable here:

> Section 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff's complaint does not allege that either of these prerequisites to injunctive relief were met, and therefore his claim for injunctive relief is dismissed as well. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.1999) (holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Ackermann v. Doyle*, 43 F.Supp.2d 265, 273 (E.D.N.Y.1999) (dismissing action against

>    judicial officers because plaintiff failed to allege
>    that a declaratory decree was violated or that
>    declaratory relief was unavailable); *Reilly v. Weiss*,
>    No. 97-CV-05883, 1998 WL 1110695, at *1 n. 3 (D.N.J.
>    June 15, 1998)(same).

Fox v. Lee, 99 F.Supp.2d 573, 575-76 (E.D. Pa. 2000). Hence, Plaintiff's claims for injunctive relief should be dismissed.

While it is true that the common law doctrine of absolute judicial immunity does not bar actions for declaratory judgment. Pulliam v. Allen, 466 U.S. 522 (1984), the Eleventh Amendment bars such relief in this particular case because the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past." P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993); Mehdipour v. Matthews, 22 Fed.Appx. 978, 978 n.1 (10th Cir. 2001)("Mehdipour argues on appeal that absolute judicial immunity does not apply to his claims for injunctive relief rather than damages. The only injunctive relief sought by Mehdipour in his complaint was a declaratory judgment that the defendants had violated his rights. However, '[t]he Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past.'")(quoting, Johns v. Stewart, 57 F.3d 1544, 1553 (10th Cir. 1995)). Insofar as his declaratory relief request, this is precisely what Plaintiff seeks, a declaration that the actions or failures to act already accomplished by the two judges in his state civil

case violated his rights.  As such relief is barred, Plaintiff fails to state a claim based on the restrictions of the Eleventh Amendment.

Moreover, even if the Eleventh Amendment did not bar this relief, he would still not be entitled to a declaratory judgment because

> the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Public Service Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952). The propriety of issuing a declaratory judgment may depend upon equitable considerations, *see Samuels v. Mackell*, 401 U.S. 66, 73 (1971), and is also "informed by the teachings and experience concerning the functions and extent of federal judicial power." *Wycoff, supra*, 344 U.S. at 243; *cf. Younger v. Harris*, 401 U.S. 37, 44-45 (1971).

Green v. Mansour, 474 U.S. 64, 72 (1985).  In exercising the discretion under the declaratory judgment act, and in considering equitable factors and comity, it is clear that any declaration by this court concerning the actions of the two judges would be inappropriate, especially given that the declaration Plaintiff seeks is essentially a request that this court act in an appellate capacity to the two state judges, correcting their alleged errors in an ongoing state case.  This is simply not permitted.  See, e.g., ITT Corp. v. Intelnet Intern., 366 F.3d 205, 212 n.14 (3d Cir. 2004) ("The underlying rationale of the *Rooker-Feldman* doctrine is to prevent the lower federal courts from reviewing state court decisions in an appellate capacity.").

Accordingly, Plaintiff's complaint must be dismissed for failing to state a claim upon which relief can be granted.

Alternatively, because Plaintiff brought his cause of action against the two judges pursuant to Section 1983 for their roles in adjudicating his civil case, and state court judges are not proper party defendants under Section 1983 for their adjudicatory actions, Plaintiff fails to state a claim under Section 1983. See, e.g., In re Justices of the Supreme Court of Puerto Rico, 695 F.2d 17, 22-23 (1st Cir. 1982)("§ 1983 does not provide relief against judges acting purely in their adjudicative capacity, any more than, say, a typical state's libel law imposes liability on a postal carrier or telephone company for simply conveying a libelous message. Just as a dismissal for failure to state a claim would be proper in the latter case, so is it in the former. See Fed.R.Civ.P. 12(b)(6).")(citations omitted); Georgevich v. Strauss, 772 F.2d 1078, 1087 (3d Cir. 1985)(citing In re Justices approvingly). Accord Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, (3d Cir. 2000)("although in *Georgevich* we held the judges amenable to suit under § 1983, our decision nevertheless recognized the impropriety of such suits where the judge acted as an adjudicator rather than an enforcer or administrator of a statute. Turning to the present case, the facts reveal that the plaintiffs are suing judges who are neutral

adjudicators and not enforcers or administrators.").[3]

As for his Section 1985 claim, again, Plaintiff fails to state a claim. The elements of a Section 1985(3) which is the only applicable subsection, are: (1) conspiracy; (2) for purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of laws, or of equal privileges and immunities under laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of citizen of the United States; more specifically, the second element requires showing of a class-based, invidiously discriminatory animus behind conspirators' action. Lucero v. Operation Rescue of Birmingham, 954 F.2d 624, 627-28 (11th Cir. 1992). The complaint fails to state a cause of action under Section 1985 against the two judges because that section addresses itself to conspiracies and the complaint herein includes only conclusory allegations of conspiracy which are insufficient to state a claim. "It is not enough for a section 1985 plaintiff to plead mere conclusory allegations of a conspiracy. Rather, the plaintiff must plead specific material facts that show the existence of a conspiracy." Copeland v. Northwestern Memorial Hospital, 964 F.Supp. 1225,

---

[3] The rationale of the cases cited in the foregoing paragraph is not based on the common law doctrine of judicial immunity but on the concept that there is no real case or controversy existing between the adjudicator and the litigant even if the adjudicator renders adverse rulings.

1235 (N.D. Ill. 1997). See also Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989)("[t]he allegations [of conspiracy] must be sufficient to 'describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy.'"). Nor does this requirement that allegations of conspiracy be more than conclusory run afoul of the generous pleading standard under Fed.R.Civ.P. 8(a) as construed in Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993). See, e.g., Loftus v. SEPTA, 843 F.Supp. 981, 988 (E.D. Pa. 1994) ("Requiring that a complaint alleging conspiracy flesh out in some detail the nature of the scheme does not run afoul of the admonition in *Leatherman* .... Rather, in the context of a conspiracy, the 'short and plain statement' provision of Rule 8 is satisfied only if the defendant is provided with the degree of particularity that animates the fair notice requirement of the rule."). Accordingly, Plaintiff's Section 1985 claim must be dismissed as well.

Because both his Section 1983 and his Section 1985 claims fail for any or all of the reasons above, the complaint should be dismissed before service pursuant to the PLRA.

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are

allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                                              <u>s/Lisa Pupo Lenihan</u>
                                                              Lisa Pupo Lenihan
                                                              U.S. Magistrate Judge

Dated: August 3, 2006


cc:   The Honorable Thomas M. Hardiman
      United States District Judge

      Damien Williams
      BE-5923
      SCI Fayette
      P.O. Box 9999
      Labelle, PA 15450